# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| COREY L. DIAMOND, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CA 20-0149-CG-MU ) |
| ALABAMA, U.S., | ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff's *pro se* complaint (Doc. 1) and motion to proceed without prepayment of fees and costs (Doc. 2). This matter has been referred to the undersigned for pretrial disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(S). Because Diamond has requested leave to proceed without prepayment of costs and fees (Doc. 2), this Court has the obligation to undertake a review of his complaint pursuant to the provisions of 28 U.S.C. § 1915(e). That statute instructs courts to dismiss any action when it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Upon consideration of the pleadings, it is recommended that this action be **DISMISSED WITHOUT PREJUDICE**, prior to service of process, because Plaintiff has failed to state a claim against the entity he names in

his complaint, Alabama, U.S., which the Court interprets as the State of Alabama ("the State").[1]

## PLAINTIFF'S ALLEGATIONS

On March 10, 2020, Plaintiff, proceeding *pro se*, filed a form complaint entitled "Complaint for Violation of Civil Rights" against the State in which he appears to allege a claim based on police brutality by a City of Mobile officer. (Doc. 1 at pp. 1, 3). Plaintiff does not allege any facts to support his claim, does not state when the police brutality occurred, and does not clearly set forth the cause of action upon which he bases his claim for monetary damages.

## DISCUSSION

Even liberally construing Plaintiff's sparse complaint, as must be done,[2] the Court finds that Plaintiff does not meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, which requires a short and plain statement of the basis of the Court's jurisdiction, the plaintiff's entitlement to relief, and a demand for relief. Plaintiff has simply failed to allege any facts regarding the basis of his claim, including the

---

[1] In light of this Report and Recommendation, the undersigned finds that Plaintiff's motion to proceed without prepayment of fees and costs (Doc. 2) is **MOOT**. The Court notes that Plaintiff did not complete this Court's required form to proceed without prepayment of fees and, therefore, did not provide the necessary information for the Court to rule upon the motion. Should Plaintiff later attempt to amend his complaint against the State, he is specifically **ADVISED** that he must file a new motion to proceed without prepayment of fees on this Court's form, a copy of which can be obtained from this Court's clerk's office. If Plaintiff files a new motion on this Court's form, he is directed to answer each question on the form fully and completely.

[2] "A document filed *pro se* is 'to be liberally construed,' ... and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citation omitted).

nature of his claim, the date it occurred, the location of the occurrence, or the perpetrator of the alleged police brutality. Therefore, Plaintiff's complaint does not meet the requirements of Rule 8 and fails to state a claim.

In light of the foregoing, the Court finds that Plaintiff's complaint in this action is insufficient to survive the review required under 28 U.S.C. § 1915(e)(2)(B) and recommends that it be dismissed without prejudice prior to service of process.

## **CONCLUSION**

Based upon the foregoing, it is **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE**, prior to service of process, in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii), because Plaintiff's Complaint fails to state a claim upon which relief may be granted. The Court further **RECOMMENDS** that Plaintiff be extended leave to file an amended complaint, see *Butler v. Morgan*, 562 F. App'x 832, 835 (11th Cir. 2014) (finding that a district court must grant a plaintiff at least one opportunity to amend his complaint before dismissal, even if the plaintiff never seeks leave to amend, if it appears that the filing of an amended complaint might cure noted deficiencies), but be cautioned that he must supply additional information to satisfy this Court that he has a plausible claim for relief against the State of Alabama.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen LR 72(c)(1) & (2). The parties should note that under Eleventh

Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error, if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **23rd** day of **April, 2020**.

s/P. Bradley Murray  
**UNITED STATES MAGISTRATE JUDGE**